

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. C. McClain
District Attorney
Conroe, Texas

Dear Sir:　　　　　　　Attention: Mr. Ned C. Wallace

Opinion No. O-3244
Re: Construction of Article 2742b,
　　Section 5a, Vernon's Texas
　　Civil Statutes, qualified prop-
　　erty tax paying voters.

We are in receipt of your recent request for an opinion in which you refer to your letter of December 18, 1940, and submit the following question:

"Would your opinion be any different as to who would be a legally qualified voter to sign a petition for a consolidated election of two contiguous common school districts if said election proceeded under Article 2742b, Section 5a, providing for consolidation by county board of trustees?"

As pointed out in your letter, your original request referred to the meaning of the phrase "legally qualified voters" as used in Article 2806, R. C. S. 1925, with particular reference to whether it is necessary that signers of the petition therein are required to be property tax paying qualified voters. In answer to that request we forwarded a copy of our Opinion No. O-339 holding that the legally qualified voters referred to in Article 2806 are not required to be property tax paying voters.

The portion of Article 2742b, Section 5a, under consideration reads as follows:

"Whenever a majority of the <u>legally qualified property taxpaying voters</u> residing in two or more contiguous Common School Districts lying in two or more Counties desire to consolidate said contiguous Common School Districts for school purposes

only, they may do so by a petition signed by
twenty or more of the qualified taxpaying voters
in each Common School District, presented to the
County Board of School Trustees of the County
in which the Common School District is situated.

"* * * The returns of said election shall
be made to the respective Boards of County School
Trustees who shall declare the result and if the
consolidation is approved by a majority of the
taxpaying voters of each Common School District
applying for consolidation, the Board of County
School Trustees of each County shall declare the
result * * *."

Article 2806, R. C. S. 1925, which was construed
by our Opinion No. O-339 reads in part as follows:

"On the petition of twenty (20) or a major-
ity of the legally qualified voters of each of
several contiguous common school districts, or
contiguous independent school districts, praying
for the consolidation of such districts for
school purposes, * * *"

The different language employed in these two stat-
utes is readily apparent upon examination; Article 2806 re-
ferring to "legally qualified voters" and Article 2742b, Sec-
tion 5a, using the terms "legally qualified property tax pay-
ing voters" and "qualified tax paying voters". By reason
of the difference in the wording of these two statutes they
prescribe different qualifications for voters and persons
signing petitions for consolidation.

It is noted that Article 2742b, Section 5a, first
states that "when a majority of the legally qualified prop-
erty taxpaying voters * * * desire to consolidate"; but when
making provision for the petition, it only requires that the
signers be "qualified taxpaying voters." In the next para-
graph however the statute provides that the election shall
result in a consolidation if "approved by a majority of the
taxpaying voters." Considering the statute as a whole we
are of the opinion that the Legislature did not intend to
draw a distinction between "qualified property taxpaying

voters" and "qualified taxpaying voters", if such distinction may be drawn, but used them in the same sense and in each instance had reference to "property taxpaying voters."

It is our opinion that our construction of Article 2806, R. C. S. 1925, as made in Opinion No. 0-339, is not applicable to Section 5a of Article 2742b, Vernon's Texas Civil Statutes, and that signers of the petition provided in the latter statute must be legally qualified property tax paying voters residing in the common school districts to be consolidated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Cecil C. Cammack*
                   Cecil C. Cammack
                      Assistant

CCC:LM

APPROVED MAR 14, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY